Sisson v. Jankowski, et al.        CV-00-479-M    02/27/02
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Thomas K. Sisson,
      Plaintiff

      v.                                    Civil No. 00-479-M
                                            Opinion No. 2002 DNH 048
Shari Jankowski, Esquire,
and Wiggin & Nourie, P.A.,
      Defendants


                       **ORDER OF CERTIFICATION**


      Pursuant to Rule 34 of the Rules of the Supreme Court of New

Hampshire, the United States District Court for the District of

New Hampshire hereby certifies the following question of New

Hampshire law, which may be determinative of causes pending

before it and as to which there appears to be no controlling

precedent in the decisions of the Supreme Court:


      Whether, under New Hampshire law and the facts as pled
      in plaintiff's verified complaint, an attorney's
      negligent failure to arrange for his or her client's
      timely execution of a will and/or an attorney's failure
      to provide reasonable professional advice with respect
      to the client's testamentary options (e.g., the ability
      to cure a draft will's lack of a contingent beneficiary
      clause by simply inserting a hand-written provision),
      which failure proximately caused the client to die
      intestate, gives rise to a viable common law claim
      against that attorney by an intended beneficiary of the
      unexecuted will.

## Statement of Relevant Facts

Accepting the allegations in plaintiff's verified complaint as true, the material facts appear as follows. In December of 1998, Dr. Warren Sisson retained defendants to prepare his will and other estate planning documents (e.g., durable power of attorney, living will, advanced directives for health care, etc.). According to plaintiff, Dr. Sisson informed Attorney Jankowski that he was suffering from bladder and prostate cancer, did not want to die intestate, and, therefore, wished to prepare a will that would pass his entire estate to his brother, the plaintiff. Dr. Sisson is alleged to have said that he was particularly interested in ensuring that none of his estate pass to his other brother, John Sisson, from whom he was estranged.

Attorney Jankowski prepared a will and other estate planning documents in accordance with Dr. Sisson's instructions and, in mid-January, 1999, mailed those documents to him for his review and execution. Dr. Sisson had, however, suffered an injury in his home in mid-January and, therefore, did not receive the documents until January 22, 1999, when a neighbor delivered them to him at a nursing home. Three days later, plaintiff says he

2

contacted Attorney Jankowski to tell her that Dr. Sisson wanted to finalize his estate planning documents quickly because of his deteriorating condition.

On February 1, 1999, Attorney Jankowski and two employees of the defendant law firm, Wiggin & Nourie, P.A., visited Dr. Sisson in the nursing home for the purpose of witnessing his execution of those documents. At that time, Dr. Sisson executed all of the estate planning documents prepared by Attorney Jankowski, except his will. After Jankowski raised an issue regarding whether what had been prepared as the final executable version of the will should nevertheless include provisions for a contingent beneficiary, Dr. Sisson expressed his desire to insert such a clause, thereby providing that his estate would pass to a charity in the event plaintiff predeceased him.

According to plaintiff, by the end of that February 1, 1999, meeting, Dr. Sisson's testamentary intent was clear: the unexecuted will accurately expressed his intent to pass his entire estate to plaintiff, but simply omitted provision for a contingent beneficiary. Nevertheless, rather than (a) modifying

3

the will immediately by inserting a brief, hand-written amendment providing for a contingent beneficiary, or (b) modifying the will at her office and returning later that day to secure Dr. Sisson's signature under the requisite formalities, or (c) advising Dr. Sisson to execute the will as drafted to avoid the risk of dying intestate (a situation he plainly wished to avoid) and simply arranging to have him subsequently execute a codicil providing for the contingent beneficiary, Attorney Jankowski left a "seriously ill" client without obtaining his signature to the will. Verified Complaint, at para. 4.

Three days later, on February 4, 1999, Attorney Jankowski returned with the revised will. It was not executed, however, because Attorney Jankowski did not believe Dr. Sisson was then competent to execute it. She left without securing his signature and, according to plaintiff, told Dr. Sisson to contact her when he was ready to sign the will.

On February 13, and again on February 15, plaintiff says he spoke with an attorney at Defendant Wiggin & Nourie "to discuss Attorney Jankowski's inaction regarding the will." Verified

4

Complaint, at paras. 34-35. According to plaintiff, that attorney said he had "spoken to members of his firm about the situation." Id., at para. 35. Nevertheless, plaintiff says that after February 4, 1999, Attorney Jankowski made no attempt to determine whether Dr. Sisson had regained sufficient testamentary capacity to execute his will.

On February 16, 1999, Dr. Sisson died intestate. As a consequence, his $2,000,000 estate did not pass entirely to plaintiff, as Dr. Sisson had intended. Instead, it was divided among plaintiff, Dr. Sisson's other (estranged) brother, and the children of a third (deceased) brother.

The facts presented in this case are somewhat unique. There is no dispute as to the decedent's testamentary intent: he wanted to avoid dying intestate and wished his entire estate to pass to plaintiff. Nor is there any claim that his intent was frustrated by defendants' having negligently prepared his will. Instead, plaintiff asserts that if defendants had fulfilled their professional and contractual obligations to Dr. Sisson in a reasonable and non-negligent manner, he would not have died

5

intestate.  And, says plaintiff, he should be permitted to recover damages against defendants as an intended beneficiary of their relationship with Dr. Sisson.

Although there is no New Hampshire decision on point, several other jurisdictions have addressed the circumstances under which an intended beneficiary of an unexecuted (or technically deficient) will may (or may not) bring a viable negligence claim against the attorneys who drafted that document. See generally Attached Order in Sisson v. Jankowski, No. 00-479-M (D.N.H. January 29, 2002).  Whether, under New Hampshire common law and the facts alleged in plaintiff's verified complaint, he may assert a viable negligence claim against the drafters of the decedent's draft will is a dispositive issue, with regard to which the Supreme Court of New Hampshire should be accorded deference by this Court.  Accordingly, the Justices of the Supreme Court of New Hampshire are respectfully requested to resolve the matter according to New Hampshire law.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 27, 2002

cc:  Ronald L. Snow, Esq.
     Andrew D. Dunn, Esq.

Attachment: <u>Sisson v. Jankowski, et al.</u>, No. 00-479-M (D.N.H.
            January 29, 2002)