Sisson v. Jankowski, et al.          CV-00-479-M    01/17/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Thomas K. Sisson,
        Plaintiff

        v.                                   Civil No. 00-479-M
                                             Opinion No. 2003 DNH 011
Shari Jankowski, Esquire,
and Wiggin & Nourie, P.A.,
        Defendants


                           **O R D E R**


        Plaintiff, one of the beneficiaries of the estate of Dr.

Warren Sisson, brought this action against Dr. Sisson's lawyer,

Attorney Shari Jankowski, and her employer, Wiggin & Nourie,

P.A., seeking damages for alleged acts of negligence and breach

of contract.  In short, plaintiff says Attorney Jankowski's

negligence proximately caused Dr. Sisson to die intestate.  And,

because Dr. Sisson died before executing his will, plaintiff says

that rather than receiving the entire estate, as Dr. Sisson had

intended, he received only a portion of that estate, which was

divided among several beneficiaries.


        Specifically, plaintiff says Attorney Jankowski was

negligent in that she provided Dr. Sisson with sub-standard legal

advice and failed to secure the timely execution of his will.  As to Wiggin & Nourie, plaintiff says the law firm failed to properly train and supervise Attorney Jankowski and that it is also liable for her alleged wrongdoing under principles of respondeat superior.

Because the viability of plaintiff's claims turns upon whether New Hampshire's common law recognizes any duty of care owed by an attorney to the intended beneficiaries of a draft (i.e., unexecuted) will, the court certified the following question of law to the New Hampshire Supreme Court:

> Whether, under New Hampshire law and the facts as pled in plaintiff's verified complaint, an attorney's negligent failure to arrange for his or her client's timely execution of a will and/or an attorney's failure to provide reasonable professional advice with respect to the client's testamentary options (e.g., the ability to cure a draft will's lack of a contingent beneficiary clause by simply inserting a hand-written provision), which failure proximately caused the client to die intestate, gives rise to a viable common law claim against that attorney by an intended beneficiary of the unexecuted will.

Sisson v. Jankowski, 2002 DNH 048 (D.N.H. February 27, 2002) (Sisson I").

2

The New Hampshire Supreme Court answered the certified question in the negative, concluding that, "an attorney does not owe a duty of care to a prospective will beneficiary to have the will executed promptly." Sisson v. Jankowski, __ N.H. __, 809 A.2d 1265, 1270 (2002). That answer to the certified question disposes of plaintiff's claims. Plaintiff concedes as much with regard to count 1 (negligent failure to secure timely execution of will). As to count 2 (negligent failure to advise), however, he says the state court's opinion is silent and, therefore, leaves room for his claim that Attorney Jankowski breached a duty owed to him to advise Dr. Sisson of the adverse consequences that would flow from his failure to execute his will in a timely fashion (i.e., potential frustration of his testamentary intent). The court disagrees.

The New Hampshire Supreme Court's resolution of the certified question is consistent with what appears to be the majority view: Absent privity of contract, an attorney does not owe any duty of care to the intended beneficiaries of an unexecuted will. See Sisson I, at 11-14. Plaintiff's arguments to the contrary are unavailing.

3

Attorney Jankowski did not owe plaintiff a common law duty to secure the timely execution of Dr. Sisson's will nor did she owe plaintiff a duty to advise Dr. Sisson of the potential adverse consequences that might flow from his failure to execute his will before dying (alleged duties that are, as a practical matter, indistinguishable). Nor can plaintiff recover from Attorney Jankowski as an intended third party beneficiary of Jankowski's contractual relationship with Dr. Sisson. Consequently, counts 1, 2, and 3 of plaintiff's complaint fail to state viable common law claims against Attorney Jankowski.

Similarly, counts 4 and 5 of plaintiff's complaint fail to state viable claims against defendant Wiggin & Nourie. Since Attorney Jankowski owed plaintiff no duty either to secure the timely execution of Dr. Sisson's will or to advise Dr. Sisson of the consequences of failing to execute that will, Jankowski's employer cannot be liable on a theory of respondeat superior. And, for largely the same reasons, it cannot be liable for having allegedly negligently supervised and/or trained Jankowski.

4

## Conclusion

In light of the New Hampshire Supreme Court's resolution of the certified question posed to it by this court, plaintiff's complaint fails, as a matter of law, to state any viable claims against Attorney Jankowski or her employer, Wiggin & Nourie. The Clerk of Court shall enter judgment in favor of defendants as to all counts in plaintiff's complaint and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 17, 2003

cc:  Ronald L. Snow, Esq.
     Andrew D. Dunn, Esq.